**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SMALL, CAROLYN SMALL, and WILLIAM CURTIN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>            Defendant. | 3:12-cv-00395-HDM-VPC<br><br>ORDER |

The defendant has filed a motion to dismiss (#23).[1] Plaintiffs have opposed (#29), and defendant has replied (#30).

On November 5, 2012, plaintiffs filed an unauthorized surreply (#31). On November 13, 2012, defendant filed an unauthorized reply to the plaintiffs' surreply (#32). Because plaintiffs did not seek leave of court to file the surreply, the surreply does not address new arguments raised by defendant in its reply, and the surreply is in any event unnecessary for the court to consider in deciding the

---

[1] Along with its motion defendant filed a request for judicial notice (#24), which plaintiffs have not opposed.

1

motion to dismiss, plaintiffs' surreply (#31) is hereby **STRICKEN**. Defendant's reply to plaintiffs' stricken surreply (#32) is also therefore **STRICKEN**.

In its motion to dismiss, defendant argues that plaintiffs' Fair Labor Standards Act ("FLSA") claims are subject to the grievance-arbitration procedure of their collective bargaining agreement ("CBA"). However, FLSA rights are separate and independent from any rights conferred by a CBA, and the Ninth Circuit has specifically held that "employees are entitled to take their FLSA claims to court regardless of whether those claims may also be covered by the grievance-arbitration procedure." *Albertson's, Inc. v. United Food & Comm. Workers Union*, AFL-CIO & CLC, 157 F.3d 758, 760-62 (9th Cir. 1998); *see also Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-45 (1981). Accordingly, the mere fact that a CBA contains a grievance-arbitration procedure covering pay and overtime pay claims does not, of itself, bar the plaintiffs from bringing their FLSA claims to court.

Nonetheless, defendant argues, a CBA may require employees to arbitrate their statutory rights. The Supreme Court has held that any agreement to submit statutory claims to the grievance and arbitration procedure contained in a CBA – and thus to waive the right to a judicial forum for such claims – must be "clear and unmistakable." *Wright v. Univ. Maritime Serv. Corp.*, 525 U.S. 70, 79-81 (1998). While defendant asserts that "the CBA requires the union and its members, including plaintiffs, to submit pay and overtime claims, including the Fair Labor Standards Act ("FLSA") and state wage and hour statutes involved here, to the mandatory

2

grievance-arbitration procedures contained in the CBA," (Def. Reply 2), it fails to identify any language in the CBA requiring such. Instead, it cites broadly to Article 9 of the CBA, which requires "[a]ll grievances" to be submitted to the grievance-arbitration procedure outline in the article. A "grievance" is defined, in relevant part, as "a dispute regarding the interpretation and application of the provisions of the Agreement . . . alleging a violation of the terms and provisions of this Agreement." (CBA Art. 9, ¶¶ 1-2). This language does not clearly and unmistakably require the plaintiffs to submit their statutory claims to the CBA's grievance-arbitration procedure. In fact, it is limited to disputes arising out of the agreement itself. Defendant has failed to point to any other language in the CBA constituting a "clear and unmistakable" waiver of plaintiffs' rights to bring their statutory claims in this court, and, at this juncture, there is nothing to distinguish this case from *Albertson's*, 157 F.3d 758. Accordingly, the motion to dismiss plaintiffs' FLSA claims is **DENIED WITHOUT PREJUDICE**.

As to plaintiffs' state law claims, which defendant argues are preempted by the Labor Management Relations Act("LMRA"), the court cannot at this time determine whether such claims are grounded in the provisions of the CBA or substantially dependent on the CBA and thus require interpretation of the CBA. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1058-60 (9th Cir. 2007). The motion to dismiss plaintiffs' state law claims is therefore **DENIED WITHOUT PREJUDICE** to renew at the close of discovery as a motion for summary judgment.

In accordance with the foregoing, the defendant's motion to

dismiss (#23) is **DENIED WITHOUT PREJUDICE** to renew as a motion for summary judgment at the close of discovery.  The plaintiffs' unauthorized surreply (#31) and the defendant's reply thereto (#32) are hereby **STRICKEN.**

    IT IS SO ORDERED.

    DATED: This 14th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE